### EXHIBIT 1

Plaintiff Dr. Sonia Hernandez Caruso D.O., Pro Se
214-471-3597
sh291002@ohio.edu

### III. STATEMENT OF CLAIM

(The dates and places of all the involvement and all conduct by Defendants are , 4/2018 through 2/29/2024 and ongoing.)

### I. Due Process Violations

Defendants denied Plaintiff's Motion for Rehearing before SOAH once they issued Plaintiff's license and placed disciplinary restrictions. Defendants failed to provide Plaintiff with a Notice for Disciplinary action ,Disciplinary panel committee/ISC hearing and failed to inform Plaintiff of why Plaintiff was being disciplined. Plaintiff first learned that Plaintiff was being disciplined on 3/19/2022 via the TMB website lookup a license. On 3/4/2022, the TMB failed to inform Plaintiff of the statues/laws Plaintiff violated warranting disciplinary actions. On 4/12/2022 the TMB/Scott Freshour also refused to provide Plaintiff with a reason for their denial of Plaintiff's Motion for Rehearing before SOAH. The TMB's information that they placed on their website and NPDB was wrong, false, misleading and misrepresented the facts of December 9, 2020 SOAH'S findings and conclusion of law. The December 9, 2020 SOAH hearing was for an **Application for licensure**, **NOT** for an Adjudicative hearing for **Disciplining** Plaintiff.

### II. DISCRIMINATION

The TMB issued full unrestricted licenses to three males who had none/limited retinal surgery training to attend a retina fellowship. On 3/4/2022 theTMB refused to issue Plaintiff an unrestricted license and a training permit to attend the same retina fellowship that the three males attended. Plaintiff informed Defendants of their discriminatory practices against Plaintiff at the March 4, 2022 Board meeting.

### III. RETALIATION

At the 3/4/2022 TMB meeting, Plaintiff informed the TMB that they had discriminatory practices because issuing full unrestricted licenses with no/limited retina surgery for a fellowship to 3 males. Plaintiff was accepted into same fellowship but the TMB refused to issue a full license and a training permit to Plaintiff. Plaintiff also complained about their attorney, Susan D. Rodriquez, providing false information to Plaintiff's former employer Dr. D. Kwiat regarding the TMB revoking Plaintiff's license and that the TMB did not want to give it back to Plaintiff. The TMB board member Mr. Cokinos stated they did not believe Plaintiff. Mr. Cokinos stated their attorneys have impeccable reputations. Approximately 1 hour later , after going into executive session, the TMB issued a license with many surgical restrictions. On 3/19/2022 the

1

TMB posted their board order on their website against Plaintiff and stated on their website that these restrictions were DISCIPLINARY RESTRICTIONS.

Plaintiff appealed to SOAH filing A MOTION FOR REHEARING. On 4/7/2022 the TMB denied Plaintiff's MOTION and on 4/12/2022 TMB/Scott Freshour refused to provide Plaintiff with a reason for this denial stating they are not required to provide Plaintiff with a reason. Plaintiff believes due to the above, Defendants retaliated against Plaintiff for complaining about their double standards/discriminatory practices and for exposing the misconduct of their attorney Susan D. Rodriguez on March 4, 2022.

## IV.. **TORTIOUS INTERFERENCE**

1. On March 4, 2022, Plaintiff lost a Texas employment contract with Valley Retina Institute, which was a 3 year contract at $300,000/1st and 2nd year, and $375,000/year in the 3rd year, $50,000 sign on bonus and production incentive.

2. On May 18, 2022, Plaintiff lost an Illinois employment contract with Prairie Eye Center, Dr. Sandra Yeh which was a 1 year contract at $400,000/year, $50,000 sign on bonus and production incentive.

3. Plaintiff made Applications for medical licenses in the states of Illinois and Louisiana - Plaintiff had to withdraw her application for Illinois and Louisiana medical boards because these Boards informed Plaintiff they would follow what the TMB did to Plaintiff's Texas medical license by placing restrictions which would also be reported to the NPDB. Plaintiff was unable to obtain the Illinois license for the job offer at Prairie Eye Center with Dr. Sandra Yeh.

## V. **BUSINESS DISPARAGEMENT**

1. Plaintiff lost Texas employment contract with Valley Retina Institute with Dr. Victor Gonzalez, a 3 year contract at 1st & 2nd year $300,000/year, 3rd year $375,000, $50,000 sign on bonus and production incentive. This damaged Plaintiff's reputation and career with this potential employer on March 4, 2022

2. Plaintiff lost Illinois employment contract with Prairie Eye Center with Dr. Sandra Yeh, a 1 year contract at $400,000/year, $50,000 sign on bonus and production incentive. This damaged Plaintiff's reputation with this potential employer and career on May 18, 2022.

3. Application for medical license in Illinois and Louisiana - Plaintiff had to withdraw applications for Illinois and Louisiana medical boards because they informed Plaintiff they would follow what the TMB did to Plaintiff's medical license and place restrictions which would also be reported to the NPDB. Plaintiff was unable to obtain IL license for job offer at Prairie Eye Center.
4. New Mexico medical board has also opened an investigation on my New Mexico medical license stating that they may mirror what the TMB did on my Texas license and report to the NPDB.

## VI. DEFAMATION

<u>Libel</u> as to the information the TMB posted on their website on Plaintiff's license number; lookup a license. This damaged Plaintiff's reputation and career with potential employers and health insurances as to becoming providers for various health plans and with other State licensing Boards to obtain license to practice medicine in the respective state.

<u>Libel</u> as to the information the TMB posted to the NPDB. This damaged Plaintiff's reputation and career with potential employers and health insurances as to becoming providers for various health plans and with other State licensing Boards to obtain license to practice medicine in the respective state.

<u>Slander</u> when the TMB's attorney Susan D. Rodriguez informed Plaintiff's former employer Dr. David Kwiat that the TMB revoked Plaintiff's medical license and did not want to give it back to Plaintiff as stated by Dr. Kwiat's sworn under oath deposition and Susan D.Rodriguez's letter to Kwiat.

Information to the TMB website was that Plaintiff was disciplined with disciplinary restrictions as Defendants state DUE TO THE FINDINGS OF SOAH.
Information to the NPDB stating restrictions as Defendants state due to the findings of SOAH. SOAH DID NOT have findings for discipline or restrictions as per its Proposal For Decision (PFD). On the contrary SOAH stated the TMB does not have to deny Plaintiff a license. SOAH stated the TMB is not required to place limitations / restrictions on Plaintiff's APPLICATION. As per the Texas Supreme Court in Van Boven vs TMB, a physician must have done something wrong to be disciplined. SOAH NEVER stated or had findings of Plaintiff doing something wrong warranting discipline. Furthermore, the SOAH hearing was for an Application for licensure, not a Disciplinary hearing.

## VII. Ultra Vires Actions

1. The Texas Medical Board and the other four Defendants acted in Ultra Vires - (beyond their authority).

3